# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TEDDY RAYMOND KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-147-ACL |
| | ) | |
| J.P. CHASE MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following pro se plaintiff's filing of his amended complaint. For the following reasons, the Court will dismiss plaintiff's amended complaint for lack of subject matter jurisdiction.

On June 27, 2018, the Court issued a Memorandum and Order requiring plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The Court stated that plaintiff's case, which initially alleged the law firm representing defendant J.P. Chase Mortgage denied plaintiff mortgage assistance, did not allege violation of the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Also, plaintiff had not alleged the parties were citizens of different states and the amount in controversy exceeded $75,000. *See* ECF No. 5. In response to this Memorandum and Order, plaintiff filed an amended complaint.

Plaintiff's amended complaint is brought against only J.P. Chase Mortgage, and states that this entity "kept on denying me mortgage assistance. Putting [my house in] and tak[ing] it out of foreclosure each time giving me great anxiety followed up with depression since anxiety was not being taken care of." For relief, plaintiff seeks "possibly lower interest rate[,] take ex-wife['s] name o[ff] the loan also payment [current]."

Because the complaint alleges no basis for federal question jurisdiction, if jurisdiction exists at all it must be premised on diversity of citizenship. Plaintiff alleges defendant J.P. Chase Mortgage is incorporated in the state of Ohio and has its principal place of business in the state of Ohio. He alleges the amount in controversy is his mortgage balance of $85,502.70, an amount that exceeds the $75,000.00 required by 28 U.S.C. § 1332(a). The facts alleged in the complaint, however, do not support plaintiff's belief that his damages are properly measured at such an amount, or are sufficient to meet the amount in controversy requirement.

Plaintiff's allegations are based upon defendant denying him mortgage payment assistance. Attached to plaintiff's complaint is a reinstatement quote for his home loan dated June 15, 2018. *See* ECF No. 6 at 10. The total reinstatement amount is $9,838.07, which is the amount the defendant is seeking from plaintiff to bring his loan current. Though plaintiff points to the $85,502.70 unpaid principal balance on his loan as being the amount in controversy, plaintiff does not provide, and the Court cannot discern, any legal foundation for this amount being in controversy. In his prayer for relief, plaintiff seeks a lower interest rate, his ex-wife's name off his loan, and damages for the "stress of the hoops [defendant] made me jump through." The Court cannot find any legal theory under which plaintiff would be entitled his entire unpaid principal loan balance of $85,502.70 in damages from the bank.

This deficiency in the amount in controversy previously led the Court to question whether this suit substantially involves a dispute or controversy properly within its jurisdiction. *See* ECF No. 5. "When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co.*,

51 F.3d 170, 173 (8th Cir. 1995) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff has already been given the opportunity to amend the complaint to cure these deficiency, and he has not proven the requisite amount in controversy by a preponderance of the evidence. For this reason, the Court will dismiss this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE